UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

REGINALD D. BLUNT,

        Petitioner,        Case No. 2:11-cv-277

v.        Honorable Gordon J. Quist

TOM MACKIE,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Factual Allegations**

Petitioner is incarcerated in the Kinross Correctional Facility. On October 29, 1996, Petitioner was convicted in the Saginaw County Circuit Court of first-degree felony murder, MICH. COMP. LAWS § 50.316(1)(b); conspiracy to commit armed robbery, MICH. COMP. LAWS § 750.157a and MICH. COMP. LAWS § 750.89; and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. The trial court sentenced Petitioner on November 21, 1996, to life imprisonment for the first-degree murder conviction, twenty to thirty years' imprisonment for the conspiracy-to-commit-armed-robbery conviction, and a consecutive two-year term for the felony-firearm conviction. The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion issued on September 25, 1998. The Michigan Supreme Court denied Petitioner's application for leave to appeal on June 29, 1999, and Petitioner's motion for reconsideration on August 31, 1999.

In his application for habeas corpus relief, Petitioner contends that his conviction under the felony-murder statute is void because it "rest[s] upon an unconstitutional revision to § 316 of the Public Act of 1931, No. 328, where this section was <u>altered</u> and <u>revised</u> by Public Act 331 of 1969, in violation of Michigan Constitution of 1963, Article 4, §36." (Pet., docket #1, Page ID#7.)

**Discussion**

I. <u>Motion to Supplement</u>

Petitioner brings a motion to supplement (docket #5) in which he argues that he brought his petition under 28 U.S.C. §§ 2241-2243, but the Court's order denying him leave to proceed *in forma pauperis* improperly referred his petition as being brought under § 2254. Petitioner contends that his habeas action should not be subject to the requirements of § 2254 because it has

"special urgency" and asserts that the state courts lacked jurisdiction to invoke a criminal process with regard to the first-degree felony murder charge.

A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. *See Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006). All such applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ – to both federal and state prisoners. *Id.* Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to the procedural requirements of § 2254. *Id.*; *see also Thomas v. Crosby*, 371 F.3d 782, 803 (11th Cir. 2004); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). Petitioner brings this action seeking relief from custody from a state court judgment. His action, therefore, also is governed by § 2254. Consequently, I recommend that Petitioner's motion to have his petition reviewed only under §§ 2241-2243 be denied.

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on June 29, 1999 and his motion for reconsideration on August 31, 1999. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired

on November 29, 1999. Petitioner had one year, until November 29, 2000, to file his habeas application. Petitioner filed the instant petition on or about July 18, 2011, more than ten years after the time for direct review expired. Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.

1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that Petitioner's motion seeking to have his petition reviewed only under 28 U.S.C. §§ 2241-2243 (docket #5) be denied. I further recommend that the habeas corpus petition be dismissed because it is barred by the one-year statute of limitations. In addition, I recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

  /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 17, 2011

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).