UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REGINALD D. BLUNT,

    Petitioner,

v.    Case No. 2:11-CV-277

TOM MACKIE,    HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 17, 2011, Magistrate Judge Greeley issued a Report and Recommendation recommending that Petitioner's petition for writ of habeas corpus be dismissed pursuant to Rule 4 as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2254(d).  In particular, the magistrate judge concluded that Petitioner filed his petition more than ten years after the time for direct review expired.  The magistrate judge further concluded that Petitioner failed to assert any circumstances that might support the application of equitable tolling.  Finally, the magistrate judge rejected Petitioner's assertion that his petition is not governed by § 2254, thus recommending that Petitioner's motion to supplement be denied.

Petitioner has filed Objections to the Report and Recommendation in which he continues to assert that his petition is not governed by § 2254 and, therefore, is not subject to the one-year statute of limitations.  Petitioner further asserts that even if the Court concludes that the one-year statute of limitations applies to the petition, he is entitled to equitable tolling based upon actual innocence.

After conducting a *de novo* review of the Report and Recommendation, as well as Petitioner's Objections, the Court concludes that the Report and Recommendation should be adopted.

First, regarding Petitioner's contention that the magistrate judge erroneously concluded that his petition is governed by § 2254, Petitioner fails to cite any authority that a habeas petition by a prisoner in custody pursuant to the judgment of a state court is governed by any provision other than § 2254. As the Sixth Circuit has stated, § 2254 is "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody." *Greene v. Tenn. Dep't of Corrs.*, 265 F.3d 369, 371 (6th Cir. 2011) (quoting *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000)). Because Petitioner is in custody pursuant to a state court judgment and seeks relief from that judgment, the magistrate judge correctly concluded that Petitioner's petition is governed by § 2254. *See Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) (stating that "§ 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence").

Second, regarding Petitioner's claim of actual innocence, Petitioner fails to set forth any showing that he is factually innocent of first-degree felony murder. Petitioner is correct that courts have recognized an actual innocence exception that allows for equitable tolling of the statute of limitations. The Sixth Circuit recognized an actual innocence exception in *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). This exception allows for equitable tolling if the petitioner "presents evidence so strong that a court cannot have confidence in the outcome of the trial." *Schlup v. Delo*, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995). A petitioner alleging actual innocence must show "factual innocence, not mere legal insufficiency." *Souter*, 395 F.3d at 590 (quoting *Bousley v.*

*United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998)). To establish actual innocence, a petitioner must present "new evidence of innocence," and not merely new evidence of a constitutional violation. *Schlup*, 513 U.S. at 316, 115 S. Ct. at 861. Here, Petitioner does not present any new evidence that he is factually innocent of murder. Rather, his claim of innocence rests upon his assertion that his conviction was based upon an unconstitutional amendment to the Michigan statute. However, this is not the type of claim that suffices to establish the actual innocence exception. The Sixth Circuit rejected a similar claim in *Casey v. Tennessee*, 399 F. App'x 47 (6th Cir. 2010):

> But Casey's attack on the adequacy of the juvenile court proceedings is simply not the sort of claim contemplated by the "actual innocence" exception as justifying equitable tolling. Even if Casey is correct that the juvenile court's invalid transfer order entirely deprived the circuit court of jurisdiction to try him as an adult, the "new evidence" he adduces in support of that claim in no way indicates his factual innocence of the crime charged or his lack of competence to stand trial for that charge, bearing instead only on the legal sufficiency of the transfer proceedings.

*Id.* at 48-49. Similarly, in this case Petitioner's assertion that his conviction is rendered infirm by the alleged unconstitutional amendment to the state statute is not "new evidence" of petitioner's factual innocence of the murder conviction. Thus, Petitioner is not entitled to equitable tolling.

Accordingly, Petitioner's petition is barred by the one-year limitations period.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473,

120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 17, 2011 (docket no. 7) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Supplement Habeas Corpus Petition (docket no. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.

Dated: September 13, 2011                                  /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE